# Frank Schuberth, Mary Schuberth and George F. Schuberth v. Adam Schillo.

1. HUSBAND AND WIFE—*Preferred Creditors.*—Where the husband undertakes to prefer his wife to the exclusion of other creditors, the proof should be clear and satisfactory that the wife has a valid subsisting debt which is to be enforced and payment exacted regardless of the fortune or misfortune of the husband.

Bill to Cancel a Conveyance, etc.—Tried in the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Hearing and decree for complainant. Appeal by defendants. Heard in this court at the March term, 1898. Affirmed. Opinion filed May 9, 1898.

A. S. ROBERTSON, attorney for appellants.

The wife stands precisely like any other creditor of the husband under existing laws of this State, and that he has the right to prefer her to them if done in good faith, is sustained by the following authorities: Whitford v. Daggett, 84 Ill. 144; Van Dorn v. Leeper, 95 Ill. 35; Tomlinson v. Mathews, 98 Ill. 178.

"Fraud is never presumed where transactions may be fairly reconciled with honesty, and if the weight of evidence is in favor of that conclusion it should always be adopted." Mey v. Gulliman, 105 Ill. 285.

"The burden is on the creditor attacking a sale to establish the fraud—and fraud must be shown by at least a

preponderance of the evidence." Schroeder v. Walsh, 120 Ill. 407.

" The fraudulent intent in such a case " (where a debtor sells his property to pay a debt or to purchase necessaries for himself) " is always a question of fact to be established by extrinsic proof, and fraud is not to be presumed when, under the evidence, the transaction may be fairly reconciled with honesty." Dempsey v. Bowen, 25 Ill. App. 192.

ARNOLD TRIPP, attorney for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

This was a bill filed by Adam Schillo, appellee, against Frank Schuberth, Mary Schuberth and George F. Schuberth, appellants, alleging fraud in certain conveyances made by Frank and Mary Schuberth to George F. Schuberth, and by George F. Schuberth to Mary Schuberth, of the premises hereinafter described, and praying that the same be set aside, and that a judgment of appellee against the appellant Frank Schuberth, hereinafter mentioned, be declared a lien on said premises, and for further relief. Issues were made up by answer of appellants to the bill and replication to the answer, and the cause was referred to a master to take proofs and report the same with his conclusions thereon. Subsequently, and prior to a report being made by the master, he, the master, was appointed special commissioner in the cause, and an order was entered in the cause that the reference of the cause to the master, as master, should stand as a reference to him as special commissioner. The special commissioner reported the evidence, with his conclusions therefrom. His conclusions are as follows:

" 1. That on October 21, 1895, the complainant obtained a judgment against the defendant, Frank Schuberth, in the Superior Court of Cook County, Illinois, for the sum of $1,457.23; that on that day an execution, issued upon said judgment, for said sum, was placed in the hands of the sheriff of Cook county to execute, and that said sheriff on

October 21, 1895, returned said execution 'No property found and no part satisfied.'

"2.    That the said judgment remains in full force and effect, unsatisfied in whole or in part, and that there is due to the complainant upon said judgment the sum of $1,470, with interest thereon since October 21, 1895.

"3.    That the debt for which said judgment was rendered was due and owing from Frank Schuberth to the complainant on and prior to August 7, 1895.

"4.    That on August 7, 1895, Frank Schuberth was the owner of the following described real estate, situated in the county of Cook and State of Illinois, to-wit: Lots 1 and 2 in Stickney's subdivision of lot 13, in Metyler, Peck and Hunter's subdivision of the west one-half of block 17 in Canal Trustees' subdivision of the east half of section 29, township 40 north, range 14, east of the third principal meridian, and that on said day he, with Mary Schuberth, his wife, made, executed and delivered to George F. Schuberth a warranty deed conveying the said premises to said George F. Schuberth for an expressed consideration of $4,000; and that on the said date the said George F. Schuberth made, executed and delivered to Mary Schuberth a certain deed wherein he conveyed to said Mary Schuberth an undivided one-half of said premises for the expressed consideration of $2,000.

"5.    That both deeds were executed and delivered at the same time, and were one and the same transaction, and that no consideration was at the time paid by either grantee.

"6.    That it is claimed by the defendants that the conveyance to George F. Schuberth was made in consideration of various sums of money loaned to the said Frank Schuberth by said George F. Schuberth, as follows:

| | |
|---|---:|
| Jan. 22, 1886............................. $ | 150 |
| May 20, 1887............................. | 100 |
| Nov. 18, 1888............................. | 250 |
| Nov. 26, 1889............................. | 300 |
| July 5, 1890............................. | 300 |
| Sept. 4, 1891............................. | 350 |

Schuberth v. Schillo.

| | |
|---|---|
| Dec. 17, 1892 | $ 400 |
| Sept. 25, 1893 | 350 |
| Feb.  6, 1894 | 300 |
| Jan.  2, 1895 | 200 |
| June 20, 1895 | 150 |
| | |
| Total | $2,850 |

"And that the consideration for the conveyance from George F. Schuberth to Mary Schuberth was for money loaned by Mary Schuberth to Frank Schuberth, as follows:

| | |
|---|---|
| July 15, 1874 | $  250 |
| Feb. 20, 1876 | 200 |
| Mar. 12, 1891 | 600 |
| Oct.  6, 1891 | 250 |
| Aug. 10, 1891 | 250 |
| Jan.  7, 1892 | 150 |
| Aug.  6, 1893 | 260 |
| | |
| Total | $2.060 |

"7.   The special commissioner finds 'that said money was loaned or paid by the said parties to the said Frank Schuberth as next hereinbefore set forth, but that no note was ever given for items of indebtedness, nor was ever any interest paid thereon, nor was any time mentioned or agreed upon between the parties when said money should be repaid, nor was anything ever done, either by the said George F. Schuberth or the said Mary Schuberth, during all the years Frank Schuberth owed said money, to enforce payment of the same or to secure the payment of same. The record also fails to show that at the time of execution of the deeds hereinbefore set forth, on the 7th day of August, 1895, that the same was done at the request of the said George F. Schuberth, or Mary Schuberth ; neither does it appear from the evidence that at that time, or at any time prior thereto, the said Mary Schuberth or the said George F. Schuberth pressed the said Frank Schuberth for the payment of the indebtedness aforesaid.'

"8.   The special commissioner further finds 'that under such circumstances, the conveyances aforesaid were not in

good faith to secure a valid *bona fide* debt, but were made for the purpose of placing the property beyond the reach of the creditors of said Frank Schuberth, and as such the conveyances are fraudulent.'

"9. The special commissioner further finds 'that, as a matter of law, a debtor in failing circumstances may prefer one creditor to the exclusion of others when he does so in good faith for a valuable consideration, and the wife may be preferred by the husband, if she is a *bona fide* creditor and the conveyance is made in good faith and based upon a valuable consideration. Where, however, the husband undertakes to prefer the wife to the exclusion of other creditors, the proof should be clear and satisfactory that the wife has a valid and subsisting debt, which is to be enforced and payment exacted regardless of the fortune or misfortune of the husband.' From the evidence in this case does 'not find that the indebtedness between Frank Schuberth and Mary Schuberth, and between Frank Schuberth and George F. Schuberth was of such a character;' therefore, finds that the material allegations of the bill of complaint have been proven, that the equities of this cause are with the complainant and recommends that a decree be entered in accordance with the facts and the prayer of the bill of complaint."

Exceptions were filed by appellants to the report, on which, and the report, a hearing was had, and the court found that the conveyances described in the report were fraudulent, and decreed that they should be set aside, etc., as prayed by the bill. The exceptions only go to the commissioner's conclusions as to the rights of the parties, and to his conclusion that the conveyances were not made in good faith, and were fraudulent as to appellee.

Appellants' counsel contend that each of the conveyances in question was made for a valid consideration, and was not fraudulent as to appellee. George F. Schuberth is the son of Frank and Mary Schuberth, and has always lived with his parents, and was living with them on the premises in question when the conveyances were made. The sums of money which he let his father, Frank Shuberth, have,

aggregating $2,060, and in consideration of which it is claimed the conveyance from Frank and Mary Schuberth was executed to him, were loaned or paid to Frank Schuberth from July 15, 1874, to August 6, 1893, both dates inclusive. No notes had ever been given or requested for any of said sums, nor had any demand been made by George F. Schuberth for payment, and, at the time of the execution of the conveyance to George F. Shuberth the statutes of limitation had run against two of said sums, viz., $250 advanced July 15, 1874, and $200 advanced February 20, 1876.

The sums claimed by appellants to have been loaned by Mary Schuberth to her husband, Frank Schuberth, were loaned by her from January 22, 1886, to June 20, 1895, both dates inclusive, and no notes were given or requested for said sums, or any demand made for payment of any of them.

The statute of limitations had run against five of the sums claimed to have been loaned by Mary Schuberth, at the time of the execution of the conveyances, viz., the sums claimed to have been loaned January 22, 1886, May 20, 1887, November 18, 1888, November 26, 1889, and July 5, 1890, aggregating $1,100.

Although there is evidence that the parties to the conveyances were all present when the conveyances were made, we agree with the finding of the commissioner, that there is no evidence that either of the grantees, Mary Schuberth and George F. Schuberth, requested a conveyance. Neither does it appear that either of them requested any security whatever.

John H. Fletcher, agent for appellee, testified that in July or August, 1895, and before the recording of the conveyances in question, he called on Frank Schuberth and had several conversations with him in respect to the indebtedness for which the judgment in favor of appellee was subsequently rendered. Frank put him off from time to time, saying he need not be anxious, that he had enough property, etc., and, finally, about three or four weeks after the conveyances were recorded, gave him a judgment note for the indebtedness.

We are of the opinion that the finding of the Circuit Court that the conveyances were not made in good faith, but, on the contrary, were made for the purpose of hindering and delaying appellee in the collection of the debt due him from appellant Frank Schuberth, and to avoid the lien of any judgment which appellee might recover, is fully warranted by the facts proven. In Frank v. King. 121 Ill. 250, the court say: " When the husband undertakes to prefer the wife to the exclusion of other creditors, the proof should be clear and satisfactory that the wife has a valid subsisting debt—one which is to be enforced and payment exacted, regardless of the fortune or misfortune of the husband. Such was not the character of this debt. A party who has a valid claim against another, does not, as a general rule, suffer the claim to stand for a period of twelve years without even taking a note, without calling for interest, and without security, doing nothing whatever to collect or secure the claim. Such is not the manner in which business is done when a valid *bona fide* debt is in existence."

The decree of the Superior Court will be affirmed.